E-FILED; Baltimore City Circuit Court
Docket: 1/12/2026 3:50 PM; Submission: 1/12/2026 3:50 PM
Envelope: 24611049

**IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND**

Exhibit A

**UNITED SOURCE ONE, INC.** *
4610 Mercedes Dr. # 110
Belcamp, MD 21017 *

*Plaintiff,* *

v. * CASE NO.: C-24-CV-26-000317

**FELLS POINT, LLC** *
100 E. Ridge Road
Ridgefield, CT 06877 *
Serve Registered Agent:
CSC-Lawyers Incorporating Service Company *
7 St. Paul St., Suite 820
Baltimore MD 21202 *

And *

**THE CHEFS' WAREHOUSE, INC.** *
100 E. Ridge Road
Ridgefield, CT 06877 *
Serve Registered Agent:
c/o Corporation Service Company *
251 Little Falls Drive
Wilmington, DE 19808 *

*Defendants.* *

* * * * * * * * * * * * *

**COMPLAINT**

Plaintiff, United Source One, Inc. ("US1"), by its attorneys, files this complaint against defendants Fells Point, LLC ("Fells Point") and The Chefs' Warehouse, Inc. ("TCW" and together with Fells Point, "Defendants") and states:

1. US1 is a Maryland corporation with its principal place of business in Belcamp, Maryland. US1 is a wholesale exporter of meat and other food products, particularly to the Middle East, which market is a substantial portion of US1's business.

2. Fells Point is a limited liability company organized under the laws of Delaware. At all relevant times, it maintained an operational facility in Baltimore City, Maryland. FP provides wholesale services, including the packaging of frozen meat products.

3. TCF is a Delaware corporation and, upon information belief, is the successor to and/or parent of Fells Point and is thus either primarily liabile for the claims herein, or jointly and severally liable with Fells Point in connection with the same.

**Jurisdiction And Venue**

1. This Court has jurisdiction over this matter pursuant to Md. Code, Courts & Judicial Proceedings Article ("Cts. & Jud. Proc.") §§ 1-501 and 6-103.

2. Venue is proper in this Court pursuant to Cts. & Jud. Proc. § 6-201.

**Facts**

4. US1 retained Fells Point to provide packaging products and services for two deliveries of US1's frozen beef products (the "Products") to US1's customers in Alexandria, Egypt. One customer was Trust Food ("Trust"), which ordered Products in the total invoiced amount of $363,611 (the "Trust Products"). The second customer was Mirasco, Inc. ("Mirasco" and together with Trust, the "Customers"), which ordered Products in the total invoiced amount of $447,758 (the "Mirasco Products").

5. The total invoiced amount by both customers was $811,370.

6. Fells Point charged US1 $33,000.00 for the defective packaging and services it supplied.

7. Unlike most export markets, Egypt requires that product labels be placed inside the vacuum sealing that is used to package meats. All of the Products were packaged by Fells Point at US1's request in the United States and thereafter shipped to Alexandria, Egypt. However, due

to the faulty packaging by Fells Point, the Products did not meet the industry requirements and had to be discounted substantially to be sold.

8. As a direct result of the faulty packaging provided by Fells Point, one of the Customers now refuses to do business with US1.

9. Specifically, the vacuum packaging provided by Fells Point did not hold a vacuum seal, leading to cosmetic damages because of blood soaking into the requisite enclosed documentation. One example is as follows:



10. The damage caused by Fells Point's defective packaging was purely cosmetic in nature. The Products were fit for human consumption and cleared by the relevant Egyptian authorities for sale in that country.

11. However, due to the cosmetic damage, the Products did not meet the Customers' or industry standards and thus could not be sold as premium prime cuts of beef for use in high-end restaurants and other demanding food service environments, as US1's Customers intended.

12. Much of the product ultimately was processed into ground beef and sold in that form, at significantly reduced prices.

13. Mirasco and Trust made claims against US1 due to Fells Point's faulty packaging.

14. US1 was faced with the threat of imminent litigation. Ultimately, US1 significantly mitigated its potential damages by settling with Mirasco for refunds or credits by US1 of $200,000 and with Trust for refunds or credits of $145,000, totaling a $345,000 loss to US1, substantially below the full invoiced amount for the Products of $811,370.

15. US1's settlements with Mirasco and Trust were achieved only after significant efforts by US1's Chief Executive Officer, Michael Imgarten, who personally intervened and travelled to meet with the relevant stakeholders to negotiate resolutions.

16. In January 2023, after Trust advised US1 of US1 agreed to provide $25,000 to Trust for repackaging, and believed the issue had been resolved.

17. Mirasco separately advised US1 that it was working on resolving the matter and would provide an update to US1 if it was unable to do so.

18. Thus, it was not until October 2023 when US1 learned of the potential loss related to the Products. Thereafter, US1 moved quickly to mitigate its damages and negotiate settlements and attempt to save its relationships with its Customers.

19. US1 was able to reach substantially discounted settlements with both Trust and Mirasco early in 2024, concluding with the execution of a General Release and Settlement Agreement with Mirasco on February 9, 2024.

20. Fells Point, through Chef's Warehouse, admitted it bore responsibility for what transpired.

21. Mr. Imgarten, on behalf of US1, attempted to negotiate a resolution prior to involving counsel. Mr. Imgarten met with Fells Point and Chefs' Warehouse but Fells Point terminated discussions with Mr. Imgarten and thereafter made no effort toward an amicable resolution.

22. Fells Point admitted it is responsible for US1's losses because its defective packaging was the sole reason why US1's Egypt-based Customers rejected the Products.

23. US1 engaged Fells Point to ensure proper packaging for the Products. Fells Point failed to do so, causing substantial financial and reputational damage to US1. The latter aspect of damage is evidenced by, among other things, that a Customer refuses to do business with US1 as the result of Fells Point's faulty packaging.

**COUNT I**
**(Breach of Contract)**

24. US1 incorporates the foregoing paragraphs as if fully set forth herein.

25. US1 contracted with Fells Point to provide the products and services described above.

26. US1 paid Fells Point for the products and services described herein.

27. Fells Point breached the contract by providing unsatisfactory products and services.

28. Fells Point's breach of contract damaged US1 in an amount above $75,000.

Wherefore, US1 respectfully requests that the Court enter judgment in its favor and against Defendants, jointly and severally, in an amount that exceeds $75,000, together with its reasonable attorneys' fees and costs, and such other relief as is appropriate under the circumstances.

**COUNT II**
**(Negligence)**

29. US1 incorporates the foregoing paragraphs as if fully set forth herein.

30. Fells Point owed US1 a duty to package US1's products in a manner safe and appropriate for international shipping.

31. Fells Point breached its duty by negligently packaging US1's products, causing blood to soak into the required documentation and causing sufficient damage by destroying the value of the Products such that that US1 could not sell the products for the price it contracted with its Customers.

32. Fells Point's negligent packaging was the direct, proximate, and sole cause of US1's losses.

33. Fells Point's negligence damaged US1 in an amount above $75,000.

Wherefore, US1 respectfully requests that the Court enter judgment in its favor and against Defendants, jointly and severally, in an amount that exceeds $75,000, together with its reasonable attorneys' fees and costs, and such

Dated: January 12, 2025

Respectfully submitted,

*/s/ Steven N. Leitess*

Steven N. Leitess (CPF # 8812160036)
Pierce C. Murphy CPF # 1112140284)
Silverman|Thompson|Slutkin|White|LLC
400 East Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 385-2225
(410) 547-2432 (facsimile)
sleitess@silvermanthompson.com
pmurphy@silvermanthompson.com