IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED SOURCE ONE, INC.** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:26-cv-00437-JMC |
| **FELLS POINT LLC, et al.** | * | |
| *Defendants*. | | |

\* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION AND ORDER**</u>

Presently pending before the Court is Defendants' Motion to Compel Discovery and Modify Scheduling Order (the "Motion") (ECF No. 15). The motion is fully briefed (ECF Nos. 15, 19, 21[1]), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). As set forth immediately below, the Motion shall be GRANTED with the restrictions below.

## I.   RELEVANT BACKGROUND

The instant litigation arises from the alleged defective packaging of Plaintiff's frozen beef products which resulted in claims for breach of contract and negligence. (ECF No. 4). Plaintiff filed suit in state court on January 12, 2026. (ECF No. 4). Defendants removed the case to Federal Court on February 3, 2026. (ECF No. 1). Thereafter, the Court issued a Scheduling Order setting a discovery deadline of June 25, 2026. (ECF No. 8). Requests for Admissions are to be served by July 2, 2026, and dispositive pretrial motions are to be filed by July 27, 2026.

Defendants represent that they first requested the appearance of Plaintiff's Chief Executive Officer Michael Imgarten for a deposition on June 2, 2026. (ECF No. 15 at 1).[2] Defendants

---

[1] On June 30, 2026, Plaintiff filed an Amended Opposition.

[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

propounded all written discovery on June 2, 2026, a date Plaintiff argues was not served in time to assure discovery was answered before the discovery deadline.  (ECF No. 19 at 3).  They represent follow-up efforts on June 11, 2026 and June 16, 2026.  (ECF No. 15 at 2).  Following a telephone meet and confer conference, the parties agreed to provide deposition dates by June 19, 2026.  *Id.* As the discovery deadline closed in, Defendants asked for consent to extend the discovery deadline by sixty days, and Plaintiff did not consent to a universal extension but did agree to handle the deposition past June 25, 2026.  *Id.*  Defendants were not comfortable with an informal agreement because they are unsure of what information may be discovered during Mr. Imgarten's deposition. *Id.* at 2-3.

During a second meet and confer on June 19, 2026, the parties were not able to reach an agreement on deposition dates, and Defendants represent none were provided contrary to the parties' June 16th agreement. *Id.* at 3. However, Plaintiff indicated that it too wanted to pursue depositions of Defendants and perhaps additional fact witnesses, and would also be raising issues with some of Defendants' written discovery responses. Defendants request an order compelling Mr. Imgarten to provide his availability for a deposition within ten (10) days and to extend the Scheduling Order by sixty (60) days.  Plaintiff consents only to the extension of time in which to conduct depositions, but objects to the other requested relief.

## II.   LEGAL STANDARD

District courts have broad discretion to manage the timing of discovery. *Ardrey v. United Parcel Serv.,* 798 F.2d 679, 682 (4th Cir.1986).  A party must demonstrate good cause to amend the scheduling order under Federal Rule of Civil Procedure 16.  Fed. R. Civ. P. 16(b)(4); *DiStefano, Inc. v. Tasty Baking Co.*, Civil Case No. SAG-22-01493, 2024 WL 1329268, at *2 (D. Md. Mar. 28, 2024) ("[A] party must first demonstrate good cause to modify the scheduling order deadlines,

before also satisfying the Rule 15(a)(2) standard for amendment.") (internal quotations omitted). "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (citing *West Virginia Housing Dev. Fund. V. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001)). Indications of a lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *Id.* "To establish good cause, the party seeking to amend the scheduling order must 'show that the deadlines cannot reasonably be met despite the party's diligence'" *Id.* (quoting *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012). Indeed, a "'finding of good cause under Rule 16 depends on the diligence of the party seeking amendment,' as our Court and others have previously held." *Eichin v. Ethicon Endo-Surgery, LLC*, 173 F.4th 124, 127 (4th Cir. 2026) (quoting *Faulconer v. Centra Health, Inc.*, 808 Fed. App. 148, 152 n.1 (4th Cir. 2020) (collecting cases)).

## III.    ANALYSIS

Although Plaintiff would consent to an extension of the discovery schedule for the limited purpose of conducting depositions, Plaintiff does not consent to a general extension.  (ECF Nos. 19, 21).  Defendants argue that a general extension is necessary to allow them the opportunity for any reasonable follow-up to Mr. Imgarten's deposition.  Plaintiff is wary of a wholesale discovery "do-over." *See id.*   Yet, the Court observes that Plaintiff too now concludes that additional depositions of necessary, and, despite challenging Defendants' diligence, cites no specific prejudice.

To begin, Plaintiff is generally correct that parties cannot remedy late-stage discovery omissions through unsupported motions to amend the scheduling order.  *Eichin*, 173 F.4th at 127. To that end, the Court understands it may well have been better timing were Defendants to have propounded their discovery requests and asked for Mr. Imgarten's deposition earlier in the

discovery process.  Yet the Court observes that Defendants engaged in active communication with Plaintiff's counsel during that timeframe and also answered Plaintiff's discovery requests (albeit perhaps not to Plaintiff's complete satisfaction). Similarly, the procedural background the parties describe shows an earnest meet-and-confer effort on behalf of both sides.  Thus, it cannot be said that Defendants' diligence argument is completely unsupported.  *Eichin*, 173 F.4th at 127.

In view of the efforts on both sides to resolve the scheduling conflicts set forth in greater detail above, the Court does not agree with Plaintiff that Defendants have made no effort to meet the good cause standard.  *Capitol Radiology, LLC v. Dimensions Health Corp.*, No. CV DKC 2005- 3298, 2006 WL 8456966, at *2 (D. Md. Sept. 25, 2006).   Given that: (1) both sides are interested in conducting depositions; (2) the information gathered at those depositions is, at this point, unknown; and (3) the particular discovery tools appropriate for such follow-up cannot be forecast in advance, the Court is not inclined to restrict any additional discovery period to depositions only.  However, discovery will be restricted to that necessary only for both sides to allow  reasonable discovery follow-up to the upcoming deposition testimony, as well as necessary follow-up to discovery responses.

In light of Plaintiff's representation that "Counsel for the parties also reviewed their own availability and identified several potential dates. Proposed deposition dates are expected very shortly," the Court is inclined to grant the motion compelling the date proposal, with the scope restricted as above.  (ECF No. 21).

Accordingly, the Court will grant Defendants' Motion and extend the discovery deadline and all related dates as follows:

|  |  |
|---|---|
| Discovery deadline: | September 1, 2026. |
| Request for Admissions: | September 8, 2026. |
| Disposition Motions Deadline: | October 1, 2026. |

Plaintiff is also ordered by July 8, 2026 to provide two alternative dates for the deposition of Mr. Imgarten.

## IV.    CONCLUSION

Accordingly, it is this 1st day of July 2026 hereby ORDERED that Defendants' Motion to Compel and to Extend the Discovery Schedule (ECF No. 15) is GRANTED.    The discovery deadline is hereby extended as follows:

| | |
|---|---|
| Discovery deadline: | September 1, 2026. |
| Request for Admissions: | September 8, 2026. |
| Disposition Motions Deadline: | October 1, 2026. |

Plaintiff shall provide two alternative dates for the deposition of Mr. Imgarten by July 8, 2026.

Plaintiff's Motion to Amend/Correct its Opposition brief is GRANTED.

/s/
_____
J. Mark Coulson
United States Magistrate Judge
July 1, 2026

5